*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH GRAY,

      Plaintiff-Appellee,

v

JACQUELINE GRAY,

      Defendant-Appellant.

UNPUBLISHED
June 25, 2020

No. 344636
St. Joseph Circuit Court
LC No. 16-001081-DO

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent.

The majority faithfully recites the somewhat labyrinthine factual background of this matter. However, the resolution of this matter is very simple. Pursuant to MCL 552.101(4), consent judgments of divorce containing pension assignments include *all* components of the pension, including surviving spouse benefits, unless "expressly" excluded. The parties' consent judgment of divorce lacks a "directly, firmly, and explicitly stated" exclusion of surviving spouse benefits. See *Merriam-Webster's Collegiate Dictionary* (11th ed) (defining "express" when used as an adjective). The majority improperly engages in contractual construction despite a statute that requires the judgment to be found, in relevant part, unambiguous.

Furthermore, the majority's reliance on *Hudson v Hudson*, 314 Mich App 28; 885 NW2d 652 (2016), for the proposition that the surviving spouse benefit was not included because it is not divisible, is inapposite. Consistent with MCL 552.101(4), the judgment of divorce and the parties' remarks on the record indicate that they intended to properly treat plaintiff's pension as a whole, not piecemeal. In other words, "the Plaintiff's Plan benefit" referenced in the judgment means, as required by MCL 552.101(4), the combined totality of "all components of the pension, annuity, or retirement benefits." The entire pension includes plaintiff's retirement pay or annuity *and* the surviving spouse benefit. Defendant is plainly entitled to 33% of the pension as a whole, including all components of that pension, not to separate 33% portions of each discrete component of the pension. Thus, the surviving spouse benefit need not be divided, but rather is simply part of defendant's 33% of the whole. It is a mathematically necessary implication that plaintiff is

therefore likewise entitled to 67% of the *entire* pension. Even if plaintiff's direct retirement payments from the plan will consequently be reduced, plaintiff remains entitled to 67% of the *entire* pension as recomputed to include the surviving spouse benefit.

I would reverse the trial court and remand for entry of a clarified order consistent with the discussion above and a recalculation of the dollar value of each party's one-third/two-thirds share of the entire pension, as inclusive of both plaintiff's reduced retirement annuity payments and defendant's surviving spouse benefit payments.

/s/ Amy Ronayne Krause